32592. OGLESBY *v.* THE STATE.

Decided July 15, 1949. Rehearing denied July 28, 1949.

*H. Alonzo Woods,* for plaintiff in error.
*W. H. Lanier, Solicitor-General,* contra.

GARDNER, J. In addition to the usual general grounds, the first special ground assigns error because, while R. Q. Wilkes was testifying as to the money he had lost on the automobile on which the defendant had given him a lien, and on which he had given his firm a lien, which had been transferred to the General Finance and Thrift Corporation, with recourse, the witness stated that he paid the amount of that lien by check or money, he did not remember which. Counsel for the defendant moved to rule out the testimony with reference to the payment, because if it were a check, the check would be the highest and best evidence. The court overruled this objection.

The sixth special ground assigns error because the court overruled a motion of the defendant for a directed verdict.

Special grounds 2, 3, 4, and 5 are but amplifications of the general grounds.

The general grounds, and special grounds 2, 3, 4, and 5 will be considered together.

It is argued that there is not sufficient evidence to sustain the conviction, in that no loss is proved, and no intent to defraud is proved; that the evidence, being partly circumstantial, is insufficient to convict the defendant beyond a reasonable doubt. We have set out the evidence practically in full, and it shows that the general grounds and the special grounds in amplification thereof are without merit. The evidence is amply sufficient to support the verdict.

As to special ground 1, under the facts of this case it seems clear to us that, if we consider that the check was the highest and best evidence, the defendant could not have been harmed by the introduction of this testimony. This is true for the reason that the defendant in his statement did not deny giving a lien on the automobile, but admitted it. He did not deny that

there was a lien against the automobile for the amount shown by the retention contract itself, which was introduced in evidence; but his only contention was that the prosecutor knew that the lien was outstanding against it because he, the defendant, so informed the prosecutor, R. Q. Wilkes, as well as the son of Wilkes and the witness Byrd. There was an issue as between the defendant's statement and the testimony of the witnesses for the State as to whether the defendant informed the prosecutor as to the existing lien, but there was no issue as to the fact that there was a lien outstanding and that the prosecutor had paid the same. The jury disbelieved the defendant's statement to the effect that the prosecutor knew that there was an outstanding lien against the car in question.

The court did not err in overruling the motion for a directed verdict, as contained in special ground six.

The court did not err in overruling the amended motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*